**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRYL LLOYD WHITE, | No. 10-15294 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01302-JCM-RJJ |
| v. | |
| GLEN WHORTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Darryl Lloyd White, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action without prejudice for

failure to exhaust administrative remedies as required by the Prison Litigation

Reform Act, 42 U.S.C. § 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's application of substantive law, and for clear error its factual determinations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we vacate and remand.

The district court dismissed White's action for failure to exhaust in reliance on defendants' submission of an unverified inmate appeal report. However, this document, unaccompanied by a declaration describing its import or completeness, is insufficient to meet the defendants' burden to show nonexhaustion. *See id.* at 1120 (defendants' "Appeal Record" document was insufficient to show nonexhaustion where the accompanying affidavit did not state whether the inmate had exhausted his appeals, and there was no evidence in the record establishing that the report was a complete record of the inmate's grievances, as defendants represented). We therefore remand to the district court for further proceedings, including an opportunity for both parties to offer additional evidence pertaining to exhaustion.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**